JAMES V. FAZIO, III (CSB# 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB# 243042)
trevorcoddington@sandiegoiplaw.com
MARTY B. READY (CSB NO. 239135)
martyready@sandiegoiplaw.com
**SAN DIEGO IP LAW GROUP LLP**
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 792-3447

Attorneys for Plaintiff,
PATHWAY INNOVATIONS AND TECHNOLOGIES,
INC.

UNITED STATED DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATHWAY INNOVATIONS AND TECHNOLOGIES, INC., a California corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>ADESSO, INC.; a California corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO. 3:15-CV-1538-JLS-JLB<br><br>**REPLY TO DEFENDANT ADESSO, INC.'S <u>UNOPPOSED</u> MOTION TO STAY PURSUANT TO 28 U.S.C. § 1659(a)**<br><br>Judge:      Hon. Janis L. Sammartino<br><br>Hearing Date:  October 29, 2015<br>Hearing Time:  1:30 PM<br>Courtroom: 4A<br><br>NO ORAL ARGUMENT REQUESTED |

Plaintiff Pathway Innovations and Technologies, Inc. ("Pathway") does not oppose Defendant Adesso, Inc.'s Motion to Stay these proceedings as required by 28 U.S.C. § 1659(a). Indeed, on September 18, 2015, the United States International Trade Commission ("ITC") instituted an investigation, entitled *In the Matter of Certain Document Cameras and Software for Use Therewith*, Inv. No. 337-TA-967, involving the same two (2) design patents asserted here, i.e., U.S. Patent Nos. D647,906 and D674,389. Adesso, Inc. ("Adesso") is a respondent in that ITC investigation.

However, on October 8, 2015, Adesso moved to terminate the ITC investigation based on a Consent Order Stipulation whereby "Adesso agrees, upon entry of the Consent Order, that it will not directly or indirectly import into the United States, sell for importation into the United States, or sell within the United States after importation any document cameras that infringe claim 1 of U.S. Patent No. D647,906 and/or claim 1 of U.S. Patent No. D674,389." *See* Coddington Decl. Ex. 1 (Motion to Terminate the Investigation as to Respondent Adesso, Inc. Based on Consent Order Stipulation and Proposed Consent Order). In its supporting memorandum, Adesso states that "upon entry of Adesso's Proposed Consent Order, there is no longer a case or controversy to be litigated in this Investigation between Adesso and Complainant." *Id*. The ITC has not yet ruled on Adesso's motion to terminate the ITC investigation, but is expected to do so shortly.

Accordingly, Pathway respectfully submits that any § 1659(a) stay of these proceedings should be lifted upon the ITC's entry of Adesso's Proposed Consent Order, which will terminate the ITC investigation as to Adesso. Although U.S. Patent Nos. D647,906 and D674,389 are asserted against an additional respondent in the ITC investigation, Recordex, Inc. ("Recordex"), the issues of infringement and damages to be litigated here (with respect to Adesso) are not related to infringement with respect to Recordex.[1] Regardless, the doctrine of *res judicata*

---

[1] There is a possibility that Adesso and Recordex are somehow linked to one

does not apply to ITC determinations. The Federal Circuit has held that "ITC findings neither purport to be, nor can they be, regarded as binding interpretations of the U.S. patent laws in particular factual contexts.  Therefore, it seems clear that any disposition of a Commission action by a federal court should not have a res judicata or collateral estoppel effect in cases before such courts." *Tandon Corp. v. U.S.I.T.C.*, 831 F.2d 1017, 1018 (Fed. Cir. 1987).

Dated:  October 15, 2015          SAN DIEGO IP LAW GROUP LLP


By:s/Trevor Coddington/
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON, PH.D.
MARTY B. READY

Attorneys for Plaintiff
PATHWAY INNOVATION AND
TECHNOLOGIES, INC.

another because certain accused products by Adesso and Recordex are strikingly similar, if not identical, in appearance. However, Adesso refuses to respond to Pathway's discovery requests in the ITC regarding this issue.