1   JAMES V. FAZIO, III (CSB# 183353)
    jamesfazio@sandiegoiplaw.com
2   TREVOR Q. CODDINGTON, PH.D. (CSB# 243042)
    trevorcoddington@sandiegoiplaw.com
3   MARTY B. READY (CSB NO. 239135)
    martyready@sandiegoiplaw.com
4   **SAN DIEGO IP LAW GROUP LLP**
5   12526 High Bluff Drive, Suite 300
    San Diego, CA 92130
6   Telephone: (858) 792-3446
    Facsimile: (858) 792-3447
7

8   Attorneys for Plaintiff,
    PATHWAY INNOVATIONS AND TECHNOLOGIES,
9   INC.

10              UNITED STATED DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12

13  PATHWAY INNOVATIONS AND              CASE NO. 3:15-CV-1538-JLS-JLB
    TECHNOLOGIES, INC., a California
14  corporation,                          **DECLARATION OF TREVOR
                                          CODDINGTON IN SUPPORT OF
15                                        REPLY TO DEFENDANT
                 Plaintiff,               ADESSO, INC.'S <u>UNOPPOSED
16                                        MOTION TO STAY PURSUANT
    vs.                                   TO 28 U.S.C. § 1659(a)**
17
    ADESSO, INC.; a California
18  corporation; and DOES 1 through 10,   Judge:    Hon. Janis L. Sammartino
    inclusive,
19                                        Hearing Date:  October 29, 2015
                 Defendants.              Hearing Time:  1:30 PM
20                                        Courtroom: 4A
21
                                          NO ORAL ARGUMENT
22                                        REQUESTED
23

24

25

26

27

28
                                          **CASE NO. 3:15-CV-1538-JLS-JLB**

1    I, Trevor Q. Coddington, say and declare as follows:

2    I am Plaintiff's counsel of record this litigation. I am an attorney admitted to

3    practice in this court and have personal knowledge of the following facts and could

4    competently testify thereto:

5        1.    Attached hereto as Exhibit 1 is a true and correct copy of Defendant's

6    Motion to Terminate the Investigation as to Respondent Adesso, Inc. Based on

7    Consent Order Stipulation and Proposed Consent Order, filed October 8, 2015, in

8    the U.S. International Trade Commission's investigation entitled *In the Matter of*

9    *Certain Document Cameras and Software for Use Therewith*, Inv. No. 337-TA-967.

10        2.    I declare under penalty of perjury under the laws of the United States

11    that the foregoing is true and correct. Executed on October 15, 2015, at San Diego,

12    California.

13

14

15    Dated:  October 15, 2015        SAN DIEGO IP LAW GROUP LLP

16

17                        By:s/Trevor Coddington/
                              TREVOR Q. CODDINGTON, PH.D.
18
                          Attorneys for Plaintiff
19                        PATHWAY INNOVATION AND
                          TECHNOLOGIES, INC.
20

21

22

23

24

25

26

27

28

1

# Exhibit 1

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, DC**

**Before The Honorable Dee Lord**
**Administrative Law Judge**

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN DOCUMENT CAMERAS AND SOFTWARE USE THEREWITH** | **Investigation No. 337-TA-967** |

**MOTION TO TERMINATE THE INVESTIGATION**
**AS TO RESPONDENT ADESSO, INC.**
**BASED ON CONSENT ORDER STIPULATION AND PROPOSED CONSENT ORDER**

Respondent Adesso, Inc. ("Adesso" or "Respondent") hereby moves for termination of this Investigation as to Adesso pursuant to 19 C.F.R. § 210.21(c)(1)(ii). Adesso requests entry of a Consent Order based on the Stipulation and Proposed Consent Order submitted herewith. Under the terms of the Stipulation, Adesso will not import, sell for importation, or sell after importation any document cameras that infringe any of the asserted claims of U.S. Patent Nos. D647,906 and D674,389.

Entry of the Proposed Consent Order will therefore render moot the dispute as to Adesso with respect to the relief sought from the Commission by Complainant Pathway Innovations & Technologies, Inc. ("Pathway" or "Complainant").  This motion is made without admission by Adesso that an unfair act, unlawful act, or act of infringement has been committed.  Adesso will not seek to challenge the validity or enforceability of U.S. Patent Nos. D647,906 and D674,389 in any administrative or judicial proceeding to enforce the Consent Order, but maintains and reserves its right to do so in other proceedings. Pursuant to Commission Rule 210.21(c), there are no other agreements, written or oral, express or implied between the parties concerning the subject matter of the investigation.

As set forth in the attached memorandum in support of this motion, entry of the Proposed Consent Order is in the public interest, which favors the settlement of disputes to avoid needless litigation and to conserve resources. Granting this motion for termination of this Investigation as to Adesso will dramatically streamline the case for trial by removing one of the named respondents. Doing so would thus result in significant savings in Commission and party resources.

Accordingly, Adesso respectfully requests that the Administrative Law Judge issue an Initial Determination that the Investigation be terminated as to Adesso and that the Proposed Consent Order be entered.  An executed stipulation and proposed Consent Order are attached as Exhibits A and B.

**Ground Rule 3.2 Certification**

Adesso has made reasonable, good-faith efforts to resolve this matter with the other parties at least two business days prior to filing this motion. Adesso first informed the other parties of its intention to file this motion and the basis for this motion on October 8, 2015. Complainant stated that it "will not oppose such a motion so long as the Consent Order and stipulation comply with § 210.21(c)(3) and (c)(4), and contains a standard punitive measure for violations." Respondents QOMO HiteVision, LLC and Recordex USA, Inc. do not oppose this motion. The Staff will take a position after the motion is filed.

Dated: October 8, 2015

Respectfully submitted,

/s/ Lei Mei
Lei Mei
Reece Nienstadt
Jiwei Zhang
MEI & MARK LLP
818 18th Street NW, Suite 410
Washington, DC 20006
Telephone: 888-860-5678
Facsimile: 888-706-1173

*Counsel for Respondent Adesso, Inc.*

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, DC**

**Before The Honorable Dee Lord**
**Administrative Law Judge**

| | |
|---|---|
| **In the Matter of** | |
| **CERTAIN DOCUMENT CAMERAS AND SOFTWARE USE THEREWITH** | **Investigation No. 337-TA-967** |

**MEMORANDUM IN SUPPORT OF MOTION TO TERMINATE THE INVESTIGATION AS TO RESPONDENT ADESSO, INC. BASED ON CONSENT ORDER STIPULATION AND PROPOSED CONSENT ORDER**

Pursuant to Commission Rule 210.2l(a)(2) & (c)(1)(ii), 19 C.F.R. § 210.21(a)(2) & (c)(1)(ii), Respondent Adesso, Inc. ("Adesso") hereby moves to terminate this Investigation with respect to Adesso based on the attached Consent Order Stipulation ("Stipulation") (Ex. A) and Proposed Consent Order (Ex. B).

Because the Proposed Consent Order resolves any case or controversy that Complainant Pathway Innovations & Technologies, Inc. ("Pathway" or "Complainant") have with respect to Adesso in this Investigation, there is no reason for this Investigation to continue against Adesso.

In order to avoid continuing to incur unnecessary litigation costs associated with this Investigation, Adesso requests that the Administrative Law Judge grant its Motion to Terminate the Investigation as to Adesso based on Consent Order Stipulation and Proposed Consent Order in accordance with Rule 210.21 (c)(1)(ii).

## I.    INTRODUCTION

On August 18, 2015, Complainant filed a complaint alleging a violation of section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), pursuant to section 210.10 of the Commission's Rules of Practice and Procedure, 19 C.F.R. § 210.10. That complaint was

instituted on September 18, 2015, as Investigation No. 337-TA-967 ("Investigation"). 80 FED.

REG. 57,642 (Sept. 24, 2015). The complaint alleges violations by three (3) Respondents,

including Adesso, of Section 337. The articles at issue are certain document cameras and software

used therewith. Particularly, with respect to Adesso, the complaint alleges infringement of U.S.

Patent Nos. D647,906 and D674,389. Comp. ¶¶ 48-53. The Commission has not set a target date or a

hearing date.

## II.   ARGUMENT

### A.   The Commission Has Authority to Terminate Based Upon Adesso's Proposed Consent Order

The Commission has the authority to terminate an investigation based upon a proposed

consent order submitted by a party. The controlling statutory authority states that "the

Commission may, by issuing a consent order or on the basis of an agreement between the private

parties to the investigation . . . terminate any such investigation . . . ." 19 U.S.C. § 1337(c). The

Commission Rule 210.21(c)(1)(ii) also provides that, at any time prior to the commencement of

the hearing in an investigation, one or more of the respondents may move to terminate the

investigation by consent order. 19 C.F.R. §210.21(a)(2); Comm'n Comments on Rule 210.21(c),

57 Fed. Reg. 52830, 52838 (Nov. 5, 1992); *Certain Digital Photo Frames and Image Display*

*Devices and Components Thereof*, Inv. No. 337-TA-807, Order No. 46 (Sep. 5, 2012) (granting

motion to terminate investigation as to Respondent Sony on basis of unilateral Consent Order

motion).

Furthermore, Rule 210.21(c)(1)(h) states that such a motion "may be filed by one or more

respondents, and may be filed jointly with other parties to the investigation." Thus, the plain

language of Rule 210.21(c)(1)(h) makes clear that a respondent may move to terminate an

investigation.

In this Investigation, the hearing date has not been set. Therefore, this motion is timely filed before the commencement of the hearing. Along with this motion, Adesso stipulates to the entry of the Proposed Consent Order for the purpose of resolving the investigation. The Consent Order Stipulation and the Proposed Consent Order comply with Commission Rule 210.21(c) and all of its subparts.

In the Consent Order Stipulation, Adesso agrees that it will not import, sell for importation, or sell after importation into the United States; or knowingly aid, abet, encourage, participate in, or induce importation into the United States, the sale for importation into the United States, or the sale after importation of certain document cameras and software for use therewith, which are the subject of this investigation, that infringe U.S. Patent Nos. D647,906 and D674,389 ("Asserted Patents") except under consent or license from Complainant. As the Asserted Patents are the only patents at issue against Adesso, with entry of the Proposed Consent Order, there is no longer a case or controversy to be litigated in the Commission. Likewise, the Proposed Consent Order Stipulation fully satisfies all of Adesso's obligations under the Commission Rules.

Mindful that "[a]n order of termination by consent order need not constitute a determination as to violation of section 337," Commission Rule 210.21(c), Adesso has entered into the Stipulation for purposes of settlement only, and is not conceding that Adesso or the accused products have violated Section 337 at any time. Adesso further represents that there are no other agreements, written or oral, express or implied between the parties concerning the subject matter of the Investigation.

### B.     Conservation of Resources Strongly Favors That This Motion Be Granted

The Proposed Consent Order will conserve the time and resources of the private parties and the Commission. The Commission should grant Adesso's motion to terminate because  it is in

3

the interest of the public and administrative economy. There is a public interest in avoiding

needless litigation and conserving public resources. *See Certain Digital Photo Frames and Image*

*Display Devices and Components Thereof*, Inv.  No. 337-TA-807, Order No. 26, 2012 ITC Lexis

688, at *5 (Mar. 22, 2012).  Needless litigation occurs when  the parties "would gain nothing more

from a litigated decision in this § 337 proceeding than termination would achieve." *Certain*

*Ultrafiltration Membrane Systems and Components Thereof,   Including Ultrafiltration*

*Membranes*, Inv. No. 337-TA-107, 1981 ITC LEXIS 18, at *12 (Nov. 20, 1981).

Here, upon entry of Adesso's Proposed Consent Order, there is no longer a case or

controversy to be litigated in this Investigation between Adesso and Complainant. Thus,

continuing with this action through a hearing and a final determination would consume

significant public resources. Since a hearing as to Adesso is needless, the public interest in

conserving resources strongly favors termination, for the conservation of public resources.

## III.    CONCLUSION

In light of Adesso's Consent Order Stipulation, there is no reason for this  Investigation to

continue against Adesso. By virtue of the Proposed Consent Order, there is no longer a case or

controversy to be litigated in this Investigation between Adesso and Complainant. Therefore,

Adesso respectfully requests that the Administrative Law Judge grant Adesso's Motion to

Terminate the Investigation and enter the Proposed Consent Order submitted herewith.

Dated: October 8, 2015

Respectfully submitted,

/s/ Lei Mei
Lei Mei
Reece Nienstadt
Jiwei Zhang
MEI & MARK LLP
818 18th Street NW, Suite 410
Washington, DC 20006
Telephone: 888-860-5678
Facsimile: 888-706-1173

*Counsel for Respondent Adesso, Inc.*

# EXHIBIT A

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, DC**

**Before The Honorable Dee Lord**
**Administrative Law Judge**

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN DOCUMENT CAMERAS AND SOFTWARE USE THEREWITH** | **Investigation No. 337-TA-967** |

## CONSENT ORDER STIPULATION

WHEREAS, Complainant Pathway Innovations & Technologies, Inc. ("Pathway" or "Complainant") filed a complaint before the United States International Trade Commission ("the Commission") alleging unfair acts in the sale for importation, importation into, or sales in the United States after importation of certain document cameras by Respondent Adesso, Inc. ("Adesso"), which is alleged to infringe U.S. Patent Nos. D647,906 (claim 1) and D674,389 (claim 1) ("Asserted Patents").

WHEREAS, the Commission instituted this Investigation under Section 337 of the Tariff Act of 1930 as amended (19 U.S.C. § 1337) based upon the allegations contained in the Complaint;

WHEREAS, Adesso now agrees to forgo the sale for importation, importation into, and sales in the United States after importation of infringing document cameras; and

WHEREAS, Adesso agrees to the entry of a Consent Order by the Commission;

NOW THEREOF, pursuant to Commission Rule 210.2 l (c)(1)(ii) and (c)(3)(i), Adesso stipulates and agrees as follows in connection with its Motion for Termination of Investigation Based on Entry of Consent Order;

(1)    Adesso stipulates to the entry of a Consent Order in the form filed herewith;

(2)       The Commission has in rem jurisdiction over Adesso's accused document cameras and in personam jurisdiction over Adesso for purposes of this Consent Order;

(3)       Adesso agrees, upon entry of the Consent Order, that it will not directly or indirectly import into the United States, sell for importation into the United States, or sell within the United States after importation any document cameras that infringe claim 1 of U.S. Patent No. D647,906 and/or claim 1 of U.S. Patent No. D674,389;

(4)       Adesso expressly waives all rights to seek judicial review or otherwise challenge or contest the validity of this Consent Order;

(5)       Adesso will cooperate with and will not seek to impede by litigation or other means the Commission's efforts to gather information under subpart I of the Commission's Rules of Practice and Procedure, 19 C.F.R. Part 210;

(6)       Enforcement, modification, or revocation of the Consent Order will be carried out pursuant to subpart I of the Commission's Rules of Practice and Procedure, 19 C.F.R. Part 210;

(7)       The Consent Order shall not apply with respect to any claim of any intellectual property right that has expired or been found or adjudicated invalid or unenforceable by the Commission or a court or agency of competent jurisdiction, provided that such finding or judgment has become final and nonreviewable;

(8)       Adesso will not seek to challenge the validity or enforceability of the Asserted Patents in any administrative or judicial proceeding to enforce the Consent Order, but reserves its right to do so in any other proceeding;

(9)       The signing of this Consent Order Stipulation does not constitute an admission by Adesso that an unfair act has been committed;

(10)    The Consent Order shall have the same force and effect and may be enforced, modified, or revoked in the same manner as is provided in section 337 of the Tariff Act of 1930 and this part for other Commission actions, and the Commission may require periodic compliance reports pursuant to subpart I of this part to be submitted by the person entering into this Consent Order Stipulation; and

(11)    There are no agreements, written or oral, express or implied, between Adesso, the Complainant, or any other Respondent concerning the subject matter of this Investigation.

IN WITNESS WHEREOF a duly authorized representative of Adesso has caused this Stipulation to be executed as of the date indicated below.


Adesso, Inc.


Allen Ku
CEO

Dated: October 8, 2015

3

# EXHIBIT B

Case 3:15-cv-01538-JLS-JLB   Document 13-1   Filed 10/15/15   PageID.83   Page 16 of 20

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, DC**

**In the Matter of**

**CERTAIN DOCUMENT CAMERAS AND SOFTWARE USE THEREWITH**

**Investigation No. 337-TA-967**

**[PROPOSED] CONSENT ORDER**

The United States International Trade Commission (the "Commission") instituted this Investigation under Section 337 of the Tariff Act of 1930 as amended (19 U.S.C. § 1337), based upon the allegations contained in the Complaint filed by Complainant Pathway Innovations & Technologies, Inc. ("Pathway" or "Complainant"), which alleges unfair acts in the importation into the United States, the sale for importation into the United States, and the sale within the United States after importation of certain document cameras by Respondent Adesso, Inc. ("Adesso"), which are alleged to infringe U.S. Patent Nos. D647,906 (claim 1) and D674,389 (claim 1) ("Asserted Patents").

Adesso has executed a Consent Order Stipulation in which it agrees to the entry of this Consent Order and to all waivers and provisions as required by the Commission's Rules of Practice and Procedure, and has filed a Motion for Termination of Investigation with respect to its accused document cameras based on the Consent Order Stipulation.

**NOW, THEREOF**, the Commission issues the following Consent Order:

(1)  Upon entry of this Consent Order, Adesso shall not sell for importation, import into the United States, or sell in the United States after importation, directly or indirectly, or knowingly aid, abet, encourage, participate in, or induce the sale for importation, importation into the United States or sale in the United States after importation any document cameras that

infringe claim 1 of U.S. Patent No. D647,906 and/or claim 1 of U.S. Patent No. D674,389, except under consent or license from Complainant.

(2)   Adesso shall be precluded from seeking judicial review or otherwise challenging or contesting the validity of the Consent Order.

(3)   Adesso shall cooperate with and shall not seek to impede by litigation or other means of the Commission's efforts to gather information under subpart I of the  Commission's Rules of Practice and Procedure, 19 C.F.R. Part 210.

(4)   Adesso and its officers, directors, employees, agents, and any entity or individual acting on its behalf and with its authority, shall not seek to challenge the validity or enforceability of the Asserted Patents  in any administrative or judicial proceeding to enforce the Consent Order.

(5)   When each of the Asserted Patents expires, this Consent Order shall become null and void.

(6)   If any claim of the Asserted Patents is held invalid or unenforceable by a court or agency of competent jurisdiction in a final decision, no longer subject to appeal, this Consent Order shall become null and void as to such invalid or unenforceable  claim.

(7)   The Investigation is hereby terminated with respect to Adesso; provided, however, that enforcement, modification, or revocation of the Consent Order shall be carried out pursuant to Subpart I of the Commission's Rules of Practice and Procedure, 19 C.F.R. Part 210.

Dated:_____, 2015

BY ORDER OF THE COMMISSION

_____
Lisa R. Barton
Secretary

2

**Certain Document Cameras and**                                         **Inv. No. 337-TA-967**
**Software for Use Therewith**

## CERTIFICATE OF SERVICE

I, Lei Mei, hereby certify that on October 8, 2015, a copy of the foregoing document was
filed and served as indicated:

| | |
|---|---|
| The Honorable Lisa R. Barton<br>Secretary<br>U. S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, S.W., Room 112<br>Washington, D.C. 20436 | ☒ Via Hand Delivery (2 copies)<br>☐ Via U.S. Mail<br>☐ Via Overnight Mail<br>☐ Via Electronic Mail<br>☒ Via Electronic Docket Filing |
| The Honorable Dee Lord<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W. Room 317<br>Washington, D.C. 20436<br><br>Ted Jou<br>Attorney Advisor to the Honorable Dee Lord<br>Email: Edward.Jou@usitc.gov | ☒ Via Hand Delivery (2 copies)<br>☐ Via U.S. Mail<br>☐ Via Overnight Mail<br>☒ Via Electronic Mail |
| Anne M. Goalwin<br>Commission Investigative Attorney<br>Office of Unfair Import Investigations<br>U. S. INTERNATIONAL TRADE COMMISSION<br>500 E Street, SW, Suite 401<br>Washington, DC 20436<br>Email: Anne.Goalwin@usitc.gov | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☐ Via Overnight Mail<br>☒ Via Electronic Mail |
| James V. Fazio<br>Trevor Q. Coddington, Ph.D.<br>Marty B. Ready<br>SANDIEGO IP LAW GROUP LLP1455 12526<br>High Bluff Drive, Suite 300<br>San Diego, CA 92130<br>Email: trevorcoddington@sandiegoiplaw.com<br><br>*Counsel for Complainant Pathway Innovations &*<br>*Technologies, Inc.* | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☐ Via Overnight Mail<br>☒ Via Electronic Mail |
| Kent M. Walker<br>Jon Maki<br>LEWIS KOHN & WALKER LLP<br>15030 Avenue of Science, Suite 201<br>San Diego, CA 92128<br>kwalker@lewiskohn.com | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☐ Via Overnight Mail<br>☒ Via Electronic Mail |

| T. Spence Chubb<br>LAW OFFICE OF T. SPENCE CHUBB<br>1025 Connecticut Avenue, N.W. Suite 1000<br>Washington, DC 20036<br>tschubb@tspencechubb.com<br><br>*Counsel for Respondent Recordex USA, Inc.* | |
|---|---|

/s/ Lei Mei
Lei Mei