1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       SOUTHERN DISTRICT OF CALIFORNIA
10

11    PATHWAY INNOVATIONS AND                  Case No.:  15-CV-1538 JLS (JLB)
12    TECHNOLOGIES, INC., a California
      corporation,                             **ORDER GRANTING STAY**
13                          Plaintiff,          **PURSUANT TO 28 U.S.C. § 1659(a)**
14    v.                                       (ECF No. 11)
15    ADESSO, INC., a California corporation;
16    and DOES 1 through 10, inclusive,
17                          Defendants.
18

19         Presently before the Court is Defendant Adesso, Inc.'s <u>Unopposed</u> Motion to Stay

20    Pursuant to 28 U.S.C. § 1659(a) ("Motion to Stay") (ECF No. 11 (emphasis in original))

21    and Plaintiff Pathway Innovations and Technologies, Inc.'s Reply to the Motion to Stay

22    (ECF No. 13).  The hearing set for the Motion on October 29, 2015 was vacated, and the

23    matter was taken under submission on the papers without oral argument pursuant to Civil

24    Local Rule 7.1(d)(1).  (ECF No. 14.)

25                                   **BACKGROUND**

26         On July 13, 2015, Plaintiff filed a complaint in this Court against Defendant alleging

27    infringement of U.S. Patent Nos. D674,389 ("the 'D389 patent") and D647,906 ("the

28    'D906 patent").  (*See generally* ECF No. 1.)

On August 20, 2015, Plaintiff filed a complaint with the International Trade Commission ("ITC") under Section 337 of the Tariff Act of 1930, asserting that certain products manufactured abroad and imported into the United States by companies, including Defendant, infringe various patents, including the '751 patent. (*See generally* Declaration of Lei Mei ("Mei Decl.") Ex. A at 2,[1] ECF No. 11-3.)

On September 24, 2015, the ITC published a notice in the Federal Register that it had instituted Investigation Number 337-TA-967, In the Matter of Certain Document Cameras and Software for Use Therewith ("the '967 Investigation"). (*Id.*) On the same day, Plaintiff filed a Notice of Related Cases, notifying the Court of the '967 Investigation. (ECF No. 9.)

On October 6, 2015, Defendant filed the instant Motion to Stay. (ECF No. 11.) On October 15, 2015, Plaintiff filed its Reply, noting that it does not oppose Defendant's Motion to Stay, but that Defendant moved to terminate the ITC investigation based on a Consent Order Stipulation. (Reply 2, ECF No. 13; *see also* Declaration of Trevor Coddington ("Coddington Decl.") Ex. 1 at 4, ECF No. 13-1.) Plaintiff therefore submits that any Section 1659(a) stay should be lifted upon the ITC's entry of Defendant's Proposed Consent Order. (Reply 2, ECF No. 13.)

## LEGAL STANDARD

Section 1659(a) of title 28 of the United States Code ("Section 1659(a)") provides:

> In a civil action involving parties that are also parties to a proceeding before the [ITC] under Section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceedings before the [ITC], the district court shall stay, until the determination of the [ITC] becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the [ITC], but only if such request is made within –
>
> > (1) 30 days after the party is named as a respondent in the proceeding before the [ITC], or

---

[1] For ease of reference, page citations to docketed materials refer to the CM/ECF page number.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(2) 30 days after the district court action is filed,

whichever is later.

"The purpose of § 1659(a) [is] to prevent infringement proceedings from occurring 'in two forums at the same time.'"  *In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007) (quoting H.R. Rep. No. 103-826, pt. 1, at 141 (1994)).

## ANALYSIS

Defendant requests an order staying proceedings in this case pursuant to Section 1659(a) to allow the ITC to reach a final determination in the '967 Investigation.  (Mot. to Stay Mem. 3, ECF No. 11-1.)  Defendant's Motion to Stay is unopposed, although Plaintiff does request that any Section 1659(a) stay be lifted upon the ITC's entry of Defendant's Proposed Consent Order.  (Reply 2, ECF No. 13.)

This action and the '967 Investigation involve the same parties and allegations of infringement of the 'D389 and 'D906 patents.  (*Compare* ECF No. 1, *with* Mei Decl. Ex. A, ECF No. 11-3.)  Additionally, Defendant's Request to Stay is timely.  Although this action was filed on July 13, 2015, Defendant's October 6, 2015 Motion to Stay was brought within thirty days after it was named as a respondent in the '967 Investigation on September 24, 2015.  (*See* Mei Decl. Ex. A, ECF No. 11-3.)  Consequently, a stay of this case is mandated by Section 1659(a).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay is **GRANTED** and this action is hereby **STAYED**.  The parties **SHALL FILE** a joint status report <u>within fourteen (14) days</u> of the ITC's entry of Defendant's Proposed Consent Order in the '967 Investigation or, if the ITC does not terminate its investigation as to Adesso pursuant to its Proposed

/ / /
/ / /
/ / /
/ / /

Consent Order, <u>within fourteen (14) days</u> of the ITC's final decision in the '967 Investigation.

     **IT IS SO ORDERED.**

Dated:  October 23, 2015

Hon. Janis L. Sammartino
United States District Judge

15-CV-1538 JLS (JLB)