1
2
3
4
5

Lei Mei (SBN 240104)
mei@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Phone:  202-256-1008
Facsimile:  888-706-1173

6
7

*Counsel for Defendant Adesso, Inc.*

8
9

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

PATHWAY INNOVATIONS AND
TECHNOLOGIES, INC., a California
Corporation,

Case No. 3:15-cv-01538-JLS-JLB

13

Plaintiff,

14

v.

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANT ADESSO, INC.'S
MOTION TO DISCRETIONARY
STAY**

15
16
17

ADESSO, INC., a California
Corporation; and DOES 1 through 10,
inclusive,

18
19

Defendants.

Hearing Date: February 18, 2016
Hearing Time: 1:30 p.m.
Courtroom: 4A

20
21
22
23
24
25
26
27
28

1  **I.    PROCEDURAL BACKGROUND**

2      Plaintiff filed this action on July 13, 2015, alleging infringement of U.S. Design

3  Patent Nos. D674,389 and D647,906 ("asserted patents"). On August 20, 2015,

4  Plaintiff filed a complaint before the United States International Trade Commission

5  ("ITC") on same asserted patents (as well as additional patents), naming multiple

6  respondents including Adesso, Inc. ("Adesso") and Recordex USA, Inc. ("Recordex").

7  The ITC instituted the investigation titled *In the Matter of Certain Document Cameras*

8  *and Software for Use Therewith*, Inv. No. 337-TA-967 ("the ITC Proceeding") on

9  September 18, 2015. 80 Fed. Reg. 57642 (Sept. 24, 2016).

10      Plaintiff did not serve Adesso with the complaint in the instant action until late

11  September, more than two months later. Subsequently, Adesso filed a motion for a

12  mandatory stay pursuant to 28 U.S.C. § 1659(a) pending the resolution of the ITC

13  Proceeding. This Court granted that motion on October 23, 2015, and required the

14  parties to submit a joint status report within 14 days of the ITC's entry of the consent

15  order. ECF Doc No. 15.

16      Separately, but simultaneously with filing its complaint in the instant action,

17  Plaintiff filed a district court action before this Court against Recordex, Case No. 3:15-

18  cv-01536-JLS-JLB, which involves the same asserted patents (as well as additional

19  patents). This Court designated the district court action against to Recordex to be a

20  related case.  It also granted a mandatory stay in the action against Recordex, which is

21  still in effect because the ITC Proceeding continues with respect to Recordex and

22  involves the same asserted patents.

23      On November 23, 2015, upon a request by Adesso, the ITC entered a consent

24  order in which Adesso agreed not to sell any document cameras infringing the asserted

25  patents, but otherwise denied infringement or validity of the asserted patents. ECF Doc

26  No. 16-1 at 1-2. On December 16, 2015, the parties submitted a joint status report and

27  Plaintiff requested to lift the mandatory stay. ECF Doc. No. 16. This Court

28

1  subsequently lifted the mandatory stay, but allowed Adesso to file a motion for a

2  discretionary stay by January 11, 2016.

3       Adesso hereby moves for a discretionary stay of this action pending the

4  resolution of the related ITC Proceeding and further in view of the related action

5  against Recordex currently stayed before this Court.

6  **II.   ARGUMENT**

7       District courts have the discretionary power to stay litigation under their

8  inherent power to control their own dockets. *Landis v. North Am. Co.*, 299 U.S. 248,

9  254-55 (1936). Even when a mandatory stay pursuant to 28 U.S.C. § 1659(a) pending

10 the resolution of a related ITC action does not apply, "[t]he district court may use its

11 discretionary authority to stay any other claims in the action before it." H.R. Rep. No.

12 103-826(I), at 141 *reprinted in* 1994 U.S.C.C.A.N. 3773.

13      In determining whether to grant a discretionary stay, a court should consider and

14 balance the following competing interests:

15     [1] the possible damage which may result from the granting of a stay, [2]
   the hardship or inequity which a party may suffer in being required to go

16     forward, and [3] the orderly course of justice measured in terms of the
   simplifying or complicating of issues, proof, and questions of law which

17     could be expected to result from a stay.

18

19 *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *see also Graphics*

20 *Props. Holdings, Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 12-213-LPS, 2014 U.S. Dist.

21 LEXIS 27963, at *4-5 (D. Del. Mar. 5, 2014) (using similar, but slightly different,

22 factors). Here, all three factors favor a discretionary stay.

23      The first factor favors the requested discretionary stay because the stay would

24 not unduly prejudice Plaintiff. Here, Adesso has already discontinued its sale of the

25 accused product as of June 30, 2015. Ku Decl. ¶ 3. Adesso further agreed not to sell

26 any infringing products under the terms of the ITC Consent Order, for which the ITC

27 retains jurisdiction over any potential violation. ECF Doc No. 16-1 at 2; *see also* 19

28

U.S.C. § 1337(f)(2). Therefore, the stay would not cause any competitive disadvantage to Plaintiff. Any potentially awarded damages may be determined at a later time *with interest*, counteracting any potential financial harms to the Plaintiff resulting from the proposed stay. 35 U.S.C. § 284.

Moreover, Plaintiff's two-month delay in serving Adesso with the complaint in this action represented a decision to delay the litigation of and eventual resolution of this dispute, which strongly suggests that Plaintiff would not be unduly prejudiced by the proposed stay. Rather, Plaintiff would benefit from the stay through potential conservation of its litigation resources. For example, a stay may prevent Plaintiff from having to re-litigate the same issues such as claim construction, invalidity, and unenforceability to be addressed in the related, stayed district court against Recordex and/or in the related ITC Proceeding[1].

The second factor also favors the requested discretionary stay. If the stay is denied and the asserted patents are untimately invalidated or found to have a limited scope in the related action against Recordex or in the ITC Proceeding, Adesso would suffer needless hardship and inequity because it would have already spent substantial resources litigating these very same issues.

The third factor further favors the requested discretionary stay because the stay would simplify the issues in question and trial of the case, such as claim construction, invalidity, and unenforceability of the asserted patents. Here, the instant action is still in the initial pleading stage, as discovery has not even started yet and a trial date has not been set. Granting the proposed stay would spare this Court from having to engage in duplicative proceedings regarding the same asserted patents in this action, in the related action against Recordex—which is likely to be consolidated with this action,

---

[1] While the ITC cannot formally invalidate a patent, its determinations are considered persuasive in district court matter. The record developed in the proceeding before the ITC may be used to "expedite proceedings and provide useful information to the court." H.R. Rep. No. 103-826(I), at 142; *see also* 28 U.S.C. § 1659(b).

and in the co-pending ITC Proceeding. *See Graphics Props.*, 2014 U.S. Dist. LEXIS 27963, at *6-7. Therefore, the requested discretionary stay would result in tremendous savings of judicial time and resources and avoid potential inconsistent rulings regarding the same patents.

Notably, federal district courts have stayed litigation under similar circumstances. For example, courts have granted discretionary stays when district court actions involve related, but not the same, patents to those asserted in the co-pending ITC actions. *See, e.g., id.* at *7. They have also stayed the <u>entire</u> action after several, but not all, defendants requested stay. *See, e.g.*, *Leviton Mfg. v. Fujian Hongan Elec. Co.*, No. 3:10-cv-03961 (N.D. Cal. Oct. 22, 2010) (attached as Ex. A, with the underlying motion attached as Ex. B).

Therefore, all three factors favor the requested discretionary stay here. This Court should stay the present action as long as the stay in the related action against Recordex remains in effect (which is mandatorily stayed pending the resolution of the ITC Proceeding).

### III. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court stay this action pending the resolution of the related ITC Proceeding.

DATED: <u>JANUARY 11, 2016</u>          **MEI & MARK LLP**

s/ Lei Mei
Lei Mei (SBN 240104)
mei@meimark.com
P.O. Box 65981
Washington, DC 20035-5981
Phone: 202-256-1008
Facsimile: 888-706-1173

*Counsel for Defendant Adesso, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically, and pursuant to CivLR 5.4(c), was served on all interested parties in this action (i.e., served to registered ECF recipients via ECF electronic service) on January 11, 2016.

s/ Lei Mei
Lei Mei