JAMES V. FAZIO, III (CSB# 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB# 243042)
trevorcoddington@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:	(858) 792-3446
Facsimile:	(858) 792-3447

Attorneys for Plaintiff,
PATHWAY INNOVATIONS AND TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATHWAY INNOVATIONS AND TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ADESSO, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 15-CV-1538-JLS-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES BY PLAINTIFF PATHWAY INNOVATIONS AND TECHNOLOGIES, INC. IN OPPOSITION TO DEFENDANT ADESSO, INC.'S MOTION TO STAY**<br><br>Date:	February 18, 2016<br>Time:	1:30 p.m.<br>Judge:	Hon. Janice L. Sammartino<br>Ctrm.:	4A<br><br>**NO HEARING REQUESTED** |

Plaintiff Pathway Innovations and Technologies, Inc. ("Pathway") respectfully submits the following memorandum of points and authorities in opposition to the motion by Defendant Adesso, Inc. ("Adesso") to stay these proceedings pending the completion of the investigation by the United States International Trade Commission of Recordex USA, Inc., an entity unrelated to Adesso. Pathway submits that Adesso's motion is suitable for decision without oral argument.

**I.     INTRODUCTION**

Adesso argues that this case should be stayed pending the outcome of an investigation by the U.S. International Trade Commission against *unrelated* defendant Recordex USA, Inc. Adesso makes the time-worn argument that the ITC investigation could potentially invalidate or narrow some of the asserted patent claims, thus potentially simplifying the issues for the Court. But Adesso's argument is overly-simplistic and misguided for several reasons.

To start, Adesso's self-serving declaration that it stopped selling the accused NuScan 510 product as of June 30, 2015 is subject to discovery and thus inappropriate for the Court to accept as true in ruling on the instant motion for stay. In fact, a recent Google search suggests that the NuScan 510 is still available for sale. Declaration of James V. Fazio ("Fazio Dec."), Ex. A [www.adesso.com/products/product-detail-94.html].

Regardless, even if Adesso did in fact stop selling the accused product as it contends, Pathway is entitled in this action to seek damages for past infringement, which are of course unavailable at the ITC. Unlike most cases in which stays are granted, therefore, Adesso is not fighting a two-front battle. Instead, the ITC investigation against Adesso was terminated based upon a Consent Order under which Adesso agreed to cease importing and selling the accused product. Fazio Dec., Ex. C. Because the ITC investigation of Adesso has terminated and because Adesso is not a party to the ITC proceedings against Recordex (who is unrelated to Adesso), there is no risk of duplicative work by the parties or the Court in this case. A stay of this case will therefore not simplify any issues of fact or law for the Court.

More important, Pathway will be prejudiced by a further stay because the ITC investigation of Recordex is not scheduled to be completed until at least January 24, 2017, nearly a year from now. As a direct competitor, Pathway should not be forced to wait another year for

the ITC to complete its investigation of an unrelated entity before Pathway can redress past misconduct in which Adesso contends it no longer engages.

For these reasons, Adesso's motion to stay should be denied.

## II.     ARGUMENT

### A. Legal Standards

A district court has the discretion to stay proceedings as part of its inherent power to manage its own docket. *Esco Corp. v. Berkeley Forge & Tool, Inc.*, 2009 WL 3078463, at *2 (N.D. Cal. Sep. 28, 2009) (*citing Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). A district court, however, is under no obligation to delay its own proceedings pending the completion of other proceedings, regardless of their relevance to the claims the court must analyze. *Id*. (*citing NTP, Inc. v. Research In Motion, Ltd.*, 397 F. Supp. 2d 785, 787 (E.D. Va. 2005)). Indeed, Congress only provided for an automatic stay of "a civil action involving parties that are also parties to a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 . . ." 28 U.S.C. §1659(a). Adesso is no longer a party to any ITC investigation so there is no basis for an automatic stay.

Rather, in determining whether to grant a discretionary stay of an action, courts must weigh competing interests affected by the granting or denial of a stay, including (1) the possible damages which may result from a stay; (2) the hardship or prejudice which a party may suffer in being required to proceed; and (3) the orderly course of justice as measured by whether a stay, or the denial thereof, will simplify the issues, proof and questions of law that might result from a stay. *LG Elecs., Inc. v. Eastman Kodak Co.*, 2009 U.S. Dist. LEXIS 44056, at *3-4 (S.D. Cal. May 26, 2009) (Huff, J.) (*citing Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). Importantly, the proponent of a stay bears the burden of establishing its need. *Id*. (*citing Clinton v Jones*, 520 U.S. 681, 708 (1997)). If there is "even a fair possibility that the stay for which [the movant] prays will work damage to someone else, the movant must make out a clear case of hardship or inequity in being required to go forward." *Id*. at *4 (*citing CMAX, Inc. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)) (internal quotations omitted).

As explained below, the balance of these factors weighs against the imposition of a further

2

1  stay in this case.

2  **B.  Pathway Will Suffer Undue Prejudice From A Stay.**

3  Adesso argues that Pathway will not suffer undue prejudice from a stay because Adesso
4  has allegedly stopped selling the accused product and Pathway could recover damages for
5  Adesso's past infringement later with interest once the ITC investigation is completed.  But
6  Adesso's argument is unpersuasive for several reasons.

7  First, Adesso's self-serving declaration that it stopped selling the accused NuScan 510
8  product in the United States as of June 30, 2015 is subject to discovery and thus inappropriate for
9  the Court to accept as true in ruling on the instant motion for stay.  In fact, a recent Google search
10 suggests that the NuScan 510 is still available for sale.  Declaration of James V. Fazio ("Fazio
11 Dec."), Ex. A [www.adesso.com/products/product-detail-94.html].

12 Second, the ITC investigation of Recordex is not expected to conclude until January 24,
13 2017.  Fazio Dec., Ex. B.  Because Pathway and Adesso are direct competitors, it is unreasonable
14 to force Pathway to wait another year for completion of an ITC investigation against an *unrelated*
15 entity before Pathway can seek damages against Adesso for past infringement.  *See Polymer*
16 *Techs., Inc. v. Bridwell*, 103 F.3d 970, 975-76 (Fed. Cir. 1996) ("Years after infringement has
17 begun, it may be impossible to restore a patentee's exclusive position by an award of damages
18 and a permanent injunction.  Customers may have established relationships with infringers.");
19 *eCOMSYSTEMS, Inc. v. Shared Mktg. Servs.*, 2011 U.S. Dist. LEXIS 10174, at *9 (M.D. Fla.
20 Jan. 26, 2011) (denying stay).[1]

21 Third, as this District has recognized, continuing the stay for another year could well
22 result in the loss of testimonial and documentary evidence.  *LG Elecs*., 2009 U.S. Dist. LEXIS
23 44056, at *6-7 (*citing Clinton*, 520 U.S. at 708).  Indeed, the Supreme Court has reversed stays to
24 avoid such harm, recognizing that delays increase "the danger of prejudice resulting from the loss
25 of evidence, including the inability of witnesses to recall specific facts." *Id.*  This risk of loss is

---

[1] Adesso argues that Pathway's two-month delay in serving the complaint in this action somehow demonstrates that Pathway will suffer no prejudice from any stay, but it is understandable if not advisable for Pathway to have waited until after the ITC accepted Pathway's ITC complaint and instituted its formal investigation on September 18, 2015 before serving the complaint against Adesso.

3

even greater when (as here) important documents are under the control of third parties. *Id*. Here, it is reasonably believed that Adesso contracts with foreign third parties in China to supply Adesso with hardware and/or components for its products. Denial of a stay will reduce the risk of loss of such third party documents. *Id*.

This first factor therefore weighs strongly against granting a stay.

### C. Adesso Will Not Suffer Any Undue Hardship If The Stay Is Denied.

Next, Adesso argues it will suffer undue hardship if required to go forward with this case because Adesso will expend substantial resources litigating the same issues of infringement and validity that are being litigated at the ITC. However, Adesso's argument is completely misleading and lacks merit. Adesso is <u>not</u> a party to the ITC investigation and will not expend any resources at all in the ITC proceedings. Instead, Adesso has agreed to a consent order in the ITC investigation, so the only investigation remaining at the ITC is the one against unrelated Recordex USA, Inc. Fazio Dec., Ex. C. In short, Adesso will not be wasting any resources and will not suffer any undue hardship if required to go forward with this case.

Accordingly, the second factor also weighs against a stay.

### D. A Stay Will Not Simplify the Issues in Dispute.

Adesso erroneously argues that a stay of this case would simplify claim construction, invalidity and unenforceability issues that may be addressed by the ITC and/or in Pathway's action against Recordex. But Adesso's argument is flawed and overlooks critical facts.

As a preliminary matter, the ITC has determined not to hold any claim construction hearing. Fazio Dec., Ex. D at 2. There is, therefore, no possibility that any resources expended on claim construction issues at the ITC can simplify any claim construction issues in this case, particularly since Pathway's '751 utility patent is not presently being asserted against Adesso in this action.

More fundamentally, the ITC proceedings cannot simplify any issues in this case because the parties, the accused products and the asserted patent claims in the ITC investigation *against Recordex* are different from those in this action against Adesso. While the ITC is investigating Recordex for infringement of the D'389 and D'906 patents that are also being asserted against

Adesso in this case, the Recordex accused products are different from Adesso's accused product, and the ITC is also investigating Recordex for infringement of the '751 utility patent, which is not being asserted against Adesso in this case. *Compare* Fazio Dec., Ex. E [ITC Cmplt. at ¶¶36-42] *with* D.E. No. 1 at ¶¶15-28. Because there are few overlapping issues of patent infringement or validity, a stay will not likely simply any issues, proof or questions of law or fact in this case.

Even if there were an identical overlap of issues, ITC determinations are not binding on federal district courts. *LG Elecs.*, 2009 U.S. Dist. LEXIS 44056, at *12 (denying motion for discretionary stay, *citing Texas Instruments, Inc. v. Cypress Semiconductor Corp*., 90 F.3d 1558, 1569 (Fed. Cir. 1996)); *Tech. Props., LLC v. Canon, Inc*., 2015 U.S. Dist. LEXIS 82361, at *17 (N.D. Cal. Jun. 24, 2015) ("ITC decisions are not binding on district courts as a matter of claim preclusion or issue preclusion"). Instead, "accused infringers can raise whatever defenses they believe are justified, regardless whether they previously raised them and lost in the ITC." *Id*.

Adesso suggests that the ITC proceedings may nevertheless be of persuasive value in this Court, but there is virtually zero chance that the ITC investigation *against Recordex* will carry any persuasive weight in this case *against Adesso* because the parties are different, the asserted patents are different, the accused products are different, and the non-infringement arguments and prior art to be advanced will almost assuredly be different. *Knowles Elecs., LLC v. Analog Devices, Inc*. 2013 U.S. Dist. LEXIS 31737, at *14 (N.D. Ill. Mar. 7, 2013) (declining to give persuasive value to prior ITC proceedings because the patents at issue were not the same). Hence, there is virtually no possibility that the ITC investigation against Recordex will result in any saving of time or resources by the parties or Court in this case. *Monolithic Power Sys., Inc. v. O2 Micro Intl. Ltd*., 726 F.3d 1359, 1363 (Fed. Cir. 2013) (noting that the district court denied motion to stay pending ITC investigation) (*citing Monolithic Power Sys. v. O2 Micro Int'l., Ltd*., 2011 U.S. Dist. LEXIS 154454, at *8 (N.D. Cal. Mar. 3, 2011)).

This third factor, therefore, also weighs against the imposition of a stay.

### III.  CONCLUSION

For all the foregoing reasons, Pathway respectfully requests that the Court deny Adesso's motion for a discretionary stay of these proceedings pending the outcome of the ITC investigation

against unrelated defendant Recordex USA, Inc.

Dated: February 4, 2016       SAN DIEGO IP LAW GROUP LLP


By:/s/James V. Fazio, III
       JAMES V. FAZIO, III
       TREVOR Q. CODDINGTON

Attorneys for Plaintiff,
PATHWAY INNOVATIONS AND TECHNOLOGIES, INC.