Lei Mei (SBN 240104)
mei@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Phone: 202-256-1008
Facsimile: 888-706-1173

*Counsel for Defendant Adesso, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATHWAY INNOVATIONS AND TECHNOLOGIES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADESSO, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:15-cv-01538-JLS-JLB<br><br>**DEFENDANT ADESSO, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISCRETIONARY STAY**<br><br>Hearing Date: February 18, 2016<br>Hearing Time: 1:30 p.m.<br>Courtroom: 4A<br><br>**NO HEARING REQUESTED** |

Defendant Adesso, Inc. ("Adesso") hereby replies to Plaintiff Pathway Innovations and Technologies, Inc.'s ("Plaintiff" or "Pathway") opposition to Adesso's Motion for a Discretionary Stay.

## I. NO HEARING REQUESTED

As an initial matter, in its opposition, "Pathway submits that Adesso's motion is suitable for decision without oral argument." Pl. Opp'n 1. Adesso agrees and respectfully requests that this Court vacate the hearing on February 18, 2016 and rule without oral argument.

## II. ARGUMENT IN REPLY

The parties agree that this court should consider and balance the following three factors when deciding whether to grant a discretionary stay:

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). *See* Pl. Opp'n 2.

### A. Factor #1: Pathway Will Not Suffer Undue Prejudice from a Stay

Pathway argues that it will suffer undue prejudice from a stay primarily based on its unreasonable belief that Adesso did not stop selling the accused NuScan 510 product. *Id.* at 1, 3.

First, Pathway states that "a recent Google search suggests that the NuScan 510 is still available for sale." *Id.* at 3. Pathway, however, neglects to inform this Court that Adesso also indicated on its website that the NuScan 510 has been discontinued long before the filing of Pathway's opposition:

 

*See* Mei Decl., Ex. A at 2, http://www.adesso.com/search/search_products.php?keyword=nuscan (accessed Feb. 4, 2016).

Moreover, Adesso had agreed not to sell the NuScan 510 product in the ITC Consent Order, for which the ITC retains jurisdiction over any potential violation. ECF Doc No. 16-1 at 2; *see also* 19 U.S.C. § 1337(f)(2). If Pathway truly believes that Adesso has violated the ITC Consent Order, then the ITC has the jurisdiction to enforce its Consent Order in an ITC enforcement proceeding pursuant to 19 U.S.C. § 1337(f)(2), which would lead to a mandatory stay of this case.

Notably, Adesso also provided a declaration by its CEO to this Court under the penalty of perjury that Adesso had ceased selling the accused NuScan 510 product, which is corroborated by Adesso's notice on its website and its request for entry of the ITC Consent Order. Therefore, Pathway cannot seriously argue that Adesso continues to sell its NuScan 510 product.

Second, Pathway also argues that "[b]ecause Pathway and Adesso are direct competitors, it is unreasonable to force Pathway to wait another year." Pl. Opp'n 3. Again, Pathway's argument rests on its unreasonable and unsubstantiated belief that Adesso still sells the accused NuScan 510 product. As explained above, Adesso already stopped selling the accused NuScan 510 product. Therefore, Pathway and Adesso are **not** direct competitors of the products allegedly covered by the asserted patents. Accordingly, Pathway's argument is fundamentally flawed.

Third, Pathway argues that continuing the stay for another year could result in the loss of testimonial and document evidence "under the control of third parties." Pl. Opp'n 3-4. Obviously, Adesso has the obligation to preserve relevant evidence under its control. Pathway's speculation that third parties may have important documents lacks merits because this case involves alleged infringement of two **design** patents, not utilities patents where technical features of the hardware and/or components supplied by the third parties may be relevant.

Pathway cites *LG Electronics, Inc. v. Eastman Kodak Co.*, 2009 U.S. Dist. LEXIS 44056, at *3-4 (S.D. Cal. May 26, 2009) (Huff, J.), for support. However, the facts there are clearly distinguishable. Pl. Opp'n 3-4. The court there declined to stay a companion case involving **utility** patents that are **different** from those asserted in the mandatorily-stayed case and the related ITC proceeding. *LG Elecs.*, 2009 U.S. Dist. LEXIS 44056, at *2-3. Moreover, the defendant in *LG Elecs.* did not agree to any injunctive relief or stop selling the accused products, so the court there was concerned about "a stay would postpone Plaintiff's ability to obtain injunctive relief against Defendant." *Id.* at *5-6.

In contrast, Adesso already stopped selling the accused NuScan 510 product and agreed to the ITC Consent Order—an injunctive relief. In addition, the **same** two design patents are asserted against Adesso in the present case as well as in the mandatorily-stayed case against Recordex, Case No. 3:15-cv-01536-JLS-JLB ("the '536 case") and the related ITC proceeding. Therefore, unlike *LG Elecs.*, the facts here favor a stay.

Finally, Adesso notes that Pathway completely fails to address Adesso's argument that any potentially awarded damages may be determined at a later time *with interest*, counteracting any potential financial harms to the Plaintiff resulting from the proposed stay. 35 U.S.C. § 284.

Therefore, Pathway will not suffer any undue prejudice from a stay in light of the fact that Adesso already stopped selling the accused NuScan 510 product and agreed to the ITC Consent Order. Accordingly, the first factor favors a stay.

### B.  Factor #2: Adesso Will Suffer Hardship and Inequity If a Stay Is Denied

Pathway argues that Adesso will not suffer hardship because it is not a party to the ITC investigation and will not expend any resources at all in the ITC proceeding. Pl. Opp'n at 4. Pathway totally misses the point here.

While it is true that Adesso will not expend any more resources in the ITC proceeding, Adesso would have to expend resources **in the present case** without a stay. If the asserted patents are ultimately found to be invalid, be unenforceable, or have a limited scope in the '536 case or in the ITC Proceeding, Adesso would suffer needless hardship and inequity because it would have already spent substantial resources litigating these very same issues that are currently being litigated by Recordex.

As explained in Adesso's motion, Federal courts have stayed cases against the parties that were not involved in the related ITC proceedings under similar circumstances. Adesso Mem. 5. Pathway fails to counter this argument at all.

Therefore, the second factor also favors a stay.

### C. Factor #3: A Stay Will Simplify the Issues in Dispute

Pathway erroneously argues that a stay will not simplify the issues in dispute due to its misunderstanding of the ITC procedure and its mistaken belief that "the asserted patents are different." Pl. Opp'n 4-5.

First, Pathway argues that the ITC has determined not to hold any claim construction hearing, so there is "no possibility that any resources expended on claim construction issues at the ITC can simplify any claim construction issues in this case." *Id*. at 4. This is simply wrong.

While the ITC will not have an independent claim construction **hearing** in this investigation, it nonetheless must construe claims first in order to rule on infringement and invalidity issues as a matter of the basic patent law principle. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc) ("An infringement analysis involves two steps. First, the court determines the scope and meaning of the patent claims asserted, and then the properly construed claims are compared to the allegedly infringing device."). This is true for both design and utility patents. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (holding that trial

1  courts have a duty to conduct claim construction in design patent cases, as in utility
2  patent cases).  And, ITC initial and final determinations virtually always include
3  detailed sections explaining any claim construction adopted and used in infringement
4  and validity determinations.

5  Therefore, the ITC's claim constructions would be of persuasive value in district
6  courts, because the record developed in the proceeding before the ITC may be used to
7  "expedite proceedings and provide useful information to the court." H.R. Rep. No.
8  103-826(I), at 142; *see also* 28 U.S.C. § 1659(b).

9  Second, Pathway argues that "the asserted patents are different" in the ITC
10 investigation. Pl. Opp'n 5. Again, this is simply wrong. Even Pathway admits in a
11 different portion of its brief that "the ITC is investigating Recordex for infringement of
12 the D'389 and D'906 patents that are also being asserted against Adesso in this case."
13 *Id.* at 4-5. Therefore, there certainly are overlapping issues such as claim construction
14 and invalidity.

15 Third, while Pathway focus its arguments on the impact of the ITC
16 investigation, it completely fails to analyze the impact of the '536 case against
17 Recordex that is currently stayed. *See id.* at 4-5.  Indeed, granting the proposed stay
18 would spare this Court from having to engage in duplicative proceedings regarding the
19 same asserted patents in this case and in the related '536 case against Recordex—
20 which is likely to be consolidated with this case.

21 Therefore, the requested discretionary stay would result in tremendous savings
22 of judicial time and resources and avoid potential inconsistent rulings regarding the
23 same patents. Accordingly, the third factor further favors a stay here.

24 **III.   CONCLUSION**

25 For all the foregoing reasons, Defendant respectfully requests that the Court stay
26 this case pending the resolution of the related ITC Proceeding and as long as the stay
27 in the related '536 case against Recordex remains in effect.

28

| | |
|---|---|
| DATED: <u>February 11, 2016</u> | **MEI & MARK LLP**<br><br><u>s/ Lei Mei</u><br>Lei Mei (SBN 240104)<br>mei@meimark.com<br>P.O. Box 65981<br>Washington, DC 20035-5981<br>Phone: 202-256-1008<br>Facsimile: 888-706-1173<br><br>*Counsel for Defendant Adesso, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically, and pursuant to CivLR 5.4(c), was served on all interested parties in this action (i.e., served to registered ECF recipients via ECF electronic service) on January 11, 2016.

                s/ Lei Mei
                Lei Mei