

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PATHWAY INNOVATIONS AND
TECHNOLOGIES, INC., a California
corporation,

                              Plaintiff,

v.

ADESSO, INC., a California corporation;
and DOES 1 through 10, inclusive,

                              Defendants.

Case No.: 15-CV-1538 JLS (JLB)

**ORDER GRANTING DEFENDANT'S
MOTION TO STAY AND STAYING
ACTION**

(ECF No. 18)

Presently before the Court is Defendant Adesso, Inc.'s Motion for a Discretionary Stay.  (ECF No. 18.)  Also before the Court are Plaintiff Pathway Innovations and Technologies, Inc.'s Opposition to (ECF No. 21) and Defendant's Reply in Support of (ECF No. 22) the Motion to Stay.  The hearing was vacated and the matter was taken under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 23.)  Having considered the parties' arguments and the law, the Court **GRANTS** Defendant's Motion to Stay.  (ECF No. 18.)

**BACKGROUND**

On July 13, 2015, Plaintiff filed a complaint in this Court against Defendant alleging infringement of U.S. Patent Nos. D674,389 (the D'389 patent) and D647,906 (the D'906

patent) (collectively, the patents-in-suit).  (*See generally* ECF No. 1.)  At the same time, Plaintiff filed a complaint in this Court against Recordex USA, Inc., involving the patents-in-suit and additional patents.  (Mot. to Stay Mem. 2,[1] ECF No. 18-1.)  That case has been designated a related case.  (*Id.*)

On August 20, 2015, Plaintiff filed a complaint before the United States International Trade Commission (ITC) concerning the patents-in-suit and additional patents, naming among the respondents Plaintiff and Recordex.  (*Id.*)  On October 23, 2015, the Court entered a mandatory stay of this action pursuant to 28 U.S.C. § 1659(a).  (ECF No. 15.) The Court also stayed the district court action against Recordex.  (Mot. to Stay Mem. 2, ECF No. 18-1.)

Pursuant to the ITC's November 23, 2015 entry of a consent order terminating its investigation of Defendant, the Court lifted the stay on December 18, 2015.  (ECF No. 17.) The mandatory stay against Recordex remains in effect because the ITC proceeding continues with respect to Recordex.  (Mot. to Stay Mem. 2, ECF No. 18-1.)  On January 11, 2016, Defendant filed the instant Motion to Stay (ECF No. 18), seeking a discretionary stay of this action during the pendency of the ITC investigation into Recordex.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)) (internal quotation marks omitted).  These interests include: (1)

---

[1] Citations to docketed materials refer to the CM/ECF page numbers stamped at the top of the page.

"the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268) (internal quotation marks omitted). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Id.* at 1112 (quoting *Landis*, 299 U.S. at 255). Subject to these standards, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

## ANALYSIS

Defendant asks the Court to enter a discretionary stay of this action pending the resolution of the related ITC proceeding and in view of the related action against Recordex currently stayed before this Court. (Mot. to Stay Mem. 3, ECF No. 18-1.) The Court therefore weighs the *Lockyer* factors as they apply to this case.

## I.   Damage to Plaintiff Resulting from a Stay

Defendant argues that a stay would not harm Plaintiff because Defendant "has already discontinued its sale of the accused product as of June 30, 2015" and "further agreed not to sell any infringing products under the terms of the ITC Consent Order, for which the ITC retains jurisdiction over any potential violation." (Mot. to Stay Mem. 3, ECF No. 18-1 (citing Declaration of Allen Ku (Ku Decl.) ¶ 3, ECF No. 18-2; ECF No. 16-1 at 2.) Plaintiff counters that Defendant's declaration is self-serving (Opp'n 4, ECF No. 21 (citing Declaration of James V. Fazio (Fazio Decl.) Ex. A, ECF No. 21-2)), that the ITC investigation of Recodex is not expected to conclude until January 24, 2017 (*id.* (citing Fazio Decl. Ex. B, ECF No. 21-3)), and continuing the stay for another year could well result in the loss of testimonial and documentary evidence (*id.* (citing *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344 H(BLM), 2009 WL 1468703, at *2 (S.D. Cal. May

26, 2009))).

The Court is not persuaded that Plaintiff has shown a "fair possibility" that the requested stay would harm its interests in this litigation. *See Lockyer*, 398 F.3d at 1110. Plaintiffs do seek injunctive relief (*see* Compl. 7–8, ECF No. 1), but Defendant agreed not to sell any infringing products under the terms of the ITC consent order (*see* ECF No. 16-1) and has submitted declarations proving that it has discontinued its sale of the accused product (*see* Ku Decl. ¶ 3, ECF No. 18-2; Mei Decl. Ex. A, ECF No. 22-2). Accordingly, Plaintiff's arguments concerning further delay amount to nothing more than arguments concerning delay of Plaintiffs' potential monetary recovery. Ninth Circuit precedent clearly establishes that delay in potential monetary recovery for past harm is not grounds for denying a stay. *Lockyer*, 398 F.3d at 1110.

Plaintiff also claims that a continued stay may result in the loss of testimonial and documentary evidence. (*See* Opp'n 4, ECF No. 21 (citing *LG Elecs.*, 2009 WL 1468703, at *2).) These allegations are speculative. *See, e.g.*, *Fahmy v. Live Nation Entm't, Inc.*, No. 2:15-CV-01158-CAS, 2015 WL 3617040, at *13 (C.D. Cal. June 8, 2015) ("[P]laintiff's concerns about losing witnesses during [the] pendency [of the stay] are entirely speculative."); *Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, No. 5:13-CV-05430 EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014) ("This nebulous contention [regarding the risk of lost evidence] is entirely unsupported, however; just *what* evidence is at risk and *how* it could possibly be lost or destroyed is a mystery.") (emphasis in original). The Court therefore concludes that the first factor does not weigh against a stay.

## II.    Hardship to Defendant in Being Required to Go Forward

Defendant claims that "[i]f the stay is denied and the asserted patents are untimately [sic] invalidated or found to have a limited scope in the related action against Recordex or in the ITC Proceeding, [Defendant] would suffer needless hardship and inequity because it would have already spent substantial resources litigating these very same issues." (Mot. to Stay Mem. 4, ECF No. 18-1.) The Ninth Circuit has long recognized, however, that "being required to defend a suit, without more, does not constitute a 'clear case of hardship

or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Consequently, this factor does not favor a stay.

## III.   Orderly Course of Justice

Defendant argues that "the stay would simplify the issues in question and trial of the case, such as claim construction, invalidity, and unenforceability of the asserted patents." (Mot. to Stay Mem. 4, ECF No. 18-1.) Defendant notes that "[g]ranting the proposed stay would spare this Court from having to engage in duplicative proceedings regarding the same asserted patents in this action, in the related action against Recordex—which is likely to be consolidated with this action, and in the co-pending ITC Proceeding." (*Id.* at 4–5 (citing *Graphics Props. Holdings, Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 12-213-LPS, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014)).) Plaintiff counters that the ITC will not hold a claim construction hearing (Opp'n 5, ECF No. 21 (citing Fazio Decl. Ex. D, ECF No. 21-6)) and "the ITC proceedings cannot simplify any issues in this case because the parties, accused products and the asserted patent claims in the ITC investigation *against Recordex* are different from those in this action against [Defendant]" (*id.* (emphasis in original)).

Plaintiff, however, fails to address Defendant's argument that the Recordex case is likely to be consolidated with the instant action. (*See* Mot. to Stay Mem. 4, ECF No. 18-1; Reply 6, ECF No. 22.) If the actions are consolidated—which is possible, given that Plaintiff alleges that both Defendant and Recordex have infringed the patents-in-suit (*see* Opp'n 5–6, ECF No. 21)—the Court is persuaded that "the proposed stay would spare this Court from having to engage in duplicative proceedings regarding the same asserted patents in this case and in the related . . . case against Recordex." (*See* Reply 6, ECF No. 22.)

## IV.   Totality of the Circumstances

In sum, the Court does not find persuasive Plaintiff's arguments that there is even a "fair possibility" that the requested stay would damage to it, but neither is the Court persuaded that Defendant has made out a clear case of hardship or inequity in being forced

to go forward.  *See Lockyer*, 398 F.3d at 1110.  Given the possible consolidation of this action with the Recordex case, however, the Court believes that staying this action until the ITC issues a final decision in its investigation against Recordex would be "efficient for [the Court's] own docket and the fairest course for the parties."  *See Leyva*, 593 F.2d at 863.  Accordingly, the Court **GRANTS** Defendant's Motion to Stay.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Stay is **GRANTED** and this action is hereby **STAYED**.  The parties **SHALL FILE** a joint status report within fourteen (14) days of the ITC's final decision in the '967 Investigation.

**IT IS SO ORDERED.**

Dated:  April 5, 2016

Hon. Janis L. Sammartino
United States District Judge